IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01281-BNB

RAUL HURTADO MARQUEZ, DOC #101144,

Applicant,

v.

VICTOR I. REYES, BAR #14385, Pueblo Court,
JUDGE AND CLERK, Appeals Case No. 09-CA-2648, Colorado Court of Appeals, and
JOHN WILLIAM SUTHERS, BAR #8492, The Attorney General of the State of
[Colorado],

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 0 2010

GREGORY C. LANGHAM
CLERK

## AMENDED ORDER OF DISMISSAL

Plaintiff, Raul Hurtado Marquez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City. Mr. Marquez initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

The Court must construe the application liberally because Mr. Marquez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application and the action will be dismissed.

In the application, which is rambling and largely unintelligible, Mr. Marquez asserts three claims. First, he alleges that there is a "tracking cyberspace weapon illegally deadlocked to [his] brain with remote control manipulation." Application at 5.

He further asserts that his conviction was obtained as a result of "mismanagement duress, coerced by mind control and judicial system." *Id.* In his second claim, he alleges that there is "a satellite radio weapon illegally deadlocked to [his] mind," that is operated by "on-line personnel operators of Colo. Dept. Of Corrections, Colorado State Penitentiary 24/7 since 2003 . . . ." *Id.* at 6. In his third claim, he asserts that "C.D.O.C., C.S.P. adminstration ran circle conspiracy entrapment aggravated assault upon innocent defendant with computer internet weapon." *Id.* As relief, Mr. Marquez requests that his conviction be reversed and that he be immediately released. *Id.* at 7.

A claim is frivolous if it "lacks an arguable basis either in law or fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." ***Denton v. Hernandez***, 504 U.S. 25, 33 (1992). Further, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court authorizes a district court to conduct an initial screening of petitions and to dismiss unworthy requests for habeas corpus relief. *See* Rule 4. Rule 4 has also been found to permit *sua sponte* dismissal of a § 2254 petition that raises legally frivolous claims or factual allegations that are palpably incredible or false. *See, e.g., Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

The Court finds that Mr. Marquez's allegations regarding a satellite weapon in his brain are factually frivolous because they are "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, it is

ORDERED that the application and the action are dismissed as legally frivolous. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 10th day of June, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01281-BNB

Raul Marquez
Prisoner No. 101144
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **AMENDED ORDER AND AMENDED JUDGMENT** to the above-named individuals on 6/10/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk